UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW BURGESS, *pro se*, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 24-3143 |
| LESSIE BATES DAVIS NEIGHBORHOOD HOUSE, INC., and GARY GASTON, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Plaintiff commenced this action in the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois, on March 18, 2024. Plaintiff's thirty-four (34) count complaint [d/e 7-2] alleged he was not paid for all the work he performed for defendants. Central to plaintiff's claims is whether he was an AmeriCorps member/volunteer[1] or an employee. Plaintiff claims damages for unpaid and underpaid wages plus interest, costs, and reasonable attorney fees.

Defendants were served with the summons and complaint on April 5, 2024. On May 2, 2024, they filed a motion to dismiss [d/e 1-8, pp.17-32], and plaintiff amended his complaint on May 29, 2024 [d/e 1-8, pp.40-66]. Count II of the amended complaint asserts a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

On June 5, 2024, defendants filed a notice of removal [d/e 1], and on June 12, 2024, defendants filed an answer and affirmative defenses [d/e 5]. On June 14, 2024, plaintiff filed a motion to remand [d/e 7] pursuant to 28 U.S.C. § 1447(c). That motion is now pending.

Plaintiff argues the original complaint was removable as it contained several claims pursuant to the National and Community Service Act of 1990 ("NACSA"), 42 U.S.C. § 12637. He also argues some of his claims in the original complaint are preempted by federal law. Defendants

---

[1] "AmeriCorps refers to its participants as members. AmeriCorps Seniors refers to its participants as volunteers." *See* AmeriCorps, https://americorps.gov/about/faqs (last visited July 17, 2024).

1

did not remove the original complaint but instead waited until after he filed an amended complaint. Plaintiff contends the removal is now untimely. *See* 28 U.S.C. § 1446(b).

Defendants contend there was no basis for federal jurisdiction in the original complaint. It was only after plaintiff amended his complaint to assert a claim under FLSA that defendants could remove the action to federal court. Defendants contend the removal was timely.

Plaintiff alleged his status as an AmeriCorps member/volunteer is invalid because of irregularities in paperwork and contracts and defendants' failure to follow AmeriCorps rules and regulations. Counts XIX, XXVI, XXVII, and XXVIII of the original complaint asserted claims related to contracts he alleges are unenforceable because they violate certain provisions of NACSA. The relief he seeks in those Counts is voidance of the contracts and a declaration that the grievance/arbitration clause in those contracts is unenforceable.

The court has "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.[2] Federal-question jurisdiction is governed by the "well-pleaded complaint rule," in which a federal question is present on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987*).* The right to relief must depend on resolution of a disputed and substantial question of federal law. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 383 (2016).

Reference to a federal statute in a state law claim does not automatically render the claim federal in nature. *Merrill Lynch*, 578 U.S. at 378. In *Merrill Lynch*, the plaintiff brought claims under New Jersey securities statutes, referring explicitly to federal Securities and Exchange Commission regulations. *Id.* The Court determined state court was the proper forum for the lawsuit as the plaintiff's claims did not "arise under" federal law. *Id.* at 392-93.

---

[2] There is no basis for diversity jurisdiction under 28 U.S.C. § 1332. The original complaint does not contain adequate allegations of citizenship, and the amount in controversy does not exceed $75,000.

In the instant case, defendants argue NACSA does not create a cause of action and could not form the basis for removal of the original complaint.

As in *Merrill Lynch*, plaintiff's claims do not arise under federal law, regardless of references to NACSA and the headings affixed to his some of his Counts. At most, NACSA is tangential to his contract-based claims under Illinois law. Plaintiff's references to NACSA are insufficient to confer federal jurisdiction over his claims.

Plaintiff also contends some state claims in the original complaint are preempted by federal law. Defendants' motion to dismiss asserted plaintiff was not an employee and any determination to the contrary would run afoul of federal law. However, it is well settled that a federal defense is not a basis for removal; it is insufficient to confer federal jurisdiction. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). Instead, the court must look to the well-pleaded complaint and not anticipate whether, or how, a federal defense might arise.

Plaintiff also contends FLSA and IMWL share the same standards and principles as federal statutes; therefore, he argues federal law has preempted the state statutes, making his original complaint removable.

"Wages are an area traditionally left to state regulation." *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 763 (7th Cir. 2008). To find preemption, "congressional intent to supersede state laws must be clear and manifest," or there must be a "reasonable inference that Congress left no room for the States to supplement it." *Id.* at 762-63 (citations omitted). State law claims are removable to federal court when (1) Congress has provided an express federal remedy in the statute, or (2) a federal statute wholly displaces state law. *Beneficial*, 539 U.S. at 8. Also, preemption applies where state law conflicts with federal law, making it impossible to comply with both laws. *Nelson v. Great Lakes Educ. Loan Servs., Inc.*, 928 F.3d 639, 650 (7th Cir. 2019).

The Seventh Circuit has found preemption of state wage laws in very few circumstances. The court found the Railway Labor Act preempted IMWL based on "[t]he long history of pervasive congressional regulation over the railway industry[.]" *Wisconsin Cent.,* 539 F.3d at 762. Wage claims arising from a collective bargaining agreement ("CBA") are similarly preempted by the Labor and Management Relations Act. *In re Bentz Metal Prod. Co., Inc.*, 253 F.3d 283, 285 (7th Cir. 2001). However, "a state law claim is not preempted if it does not require interpretation of the CBA *even if it may require reference to the CBA*." *Id.* (Emphasis added). That distinction is pertinent to the instant case. NACSA may very well prohibit the actions forming the basis of some of plaintiff's claims. Reference to NACSA may eventually be required, but whether that conduct is sufficient to void the contracts is a question of state law.

It is not unusual to find state and federal statutes that share the same standards and principles. State statutes may adopt definitions and rules found in similar federal statutes. In fact, IMWL refers to provisions in FLSA and the Code of Federal Regulations. *See* 820 ILCS 105/4a(2). It does not lead to the conclusion that federal law has preempted state law.

Plaintiff has not pointed to any indication of congressional intent or an inference there is no room for states to legislate overtime or minimum wages, nor has he shown a conflict between federal law and state law. The court finds plaintiff's original complaint did not provide a basis for removal to federal court. Defendants removed the lawsuit to this court within 30 days after plaintiff filed his amended complaint. The removal was timely. The motion to remand [7] is denied.

**KAREN L. MCNAUGHT, United States Magistrate Judge:**

ENTERED:  July 29, 2024

                                                         /s/ Karen L. McNaught

                                                         KAREN L. McNAUGHT

                                                         UNITED STATES MAGISTRATE JUDGE